# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KRISTI FLOYD,** | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | Lead Case No. CIV-07-135-SPS |
| | ) | |
| **SONIC DRIVE-IN OF COWETA,** | ) | |
| **LLC, a domestic limited liability** | ) | |
| **company, and SONIC DRIVE-IN,** | ) | |
| **COWETA, INC., a domestic** | ) | |
| **corporation,** | ) | |
|        Defendants. | ) | |
| | ) | |
| **Shawn Herman,** | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | Member Case No. CIV-07-136-SPS |
| | ) | |
| **SONIC DRIVE-IN OF COWETA,** | ) | |
| **LLC, a domestic limited liability** | ) | |
| **company, and SONIC DRIVE-IN,** | ) | |
| **COWETA, INC., a domestic** | ) | |
| **corporation,** | ) | |
|        Defendants. | ) | |

# OPINION AND ORDER
# REGARDING PENDING MOTIONS

A number of motions are currently pending in this consolidated case. The Court concludes that they should be resolved as follows:

    1.    The Defendants' Early Motion In Limine Excluding Floyd's Alleged Sexual Assault and Request for Early Ruling [Docket No. 28] is hereby DENIED.

    2.    The Defendants' Early Motion In Limine to Admit MySpace and Other Segments of Kristi Floyd's Deposition [Docket No. 31] is hereby GRANTED insofar as the

Defendants seek to use the deposition of Kristi Floyd at trial, *see* Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for any purpose the deposition of a party[.]"), but otherwise DENIED.

3. The Defendants' Early Motion In Limine Excluding Testimony From Randy Carver and for Special Instructions [Docket No. 32] is hereby DENIED.

4. The Defendants' Early Motion In Limine Relating to Tape Recording and Transcript [Docket No. 33] is hereby GRANTED.

5. The Request for Clarification From the Court Regarding Discovery [Docket No. 72] and the Opposed Motion to Vacate the Scheduling Order [Docket No. 78] filed by the Plaintiffs are hereby DENIED. The parties may list witnesses and exhibits (and any objections thereto) as they see fit in the proposed pretrial order. However, any discovery currently ongoing is strictly limited to the potential witnesses identified by the Defendants on February 15, 2008 and any evidence obtained therefrom.

6. The Motion for Protective Order [Docket No. 75] filed by the Plaintiffs is hereby DENIED.

7. The Opposed Motion for an Order Allowing Plaintiffs to Contact Defendants' Former Managers and Low Level Current Supervisors [Docket No. 77] filed by the Plaintiffs is hereby GRANTED. Within five days of the date of this order, the Defendants shall provide the Court with the basis for claiming that any of the potential witnesses identified on February 15, 2008 are current employees with "speaking authority." *See, e. g., Fulton v. Lane,* 1992 OK 25, ¶ 1, 829 P.2d 959, 960-61 ("Rule 4.2 does not prohibit communications

with all of [the adverse party's] employees and former employees. . . . In litigation involving corporations, Rule 4.2 applies to only those employees . . . who have 'speaking authority' for the corporation. . . . Because former employees may not speak for or bind the corporation, ex parte communications with former employees are not prohibited.") [citations omitted]. The Plaintiffs' attorney may engage in *ex parte* communications with any of said current employees *only* after the Court has considered the Defendants' claim.

8. The Plaintiffs' Opposed Motion to Seal All Deposition Testimony That Directly Makes Reference to Rape in the Exhibits and Pleadings Filed by Defendants [Docket No. 79] is hereby DENIED.

9. Any rulings herein with regard to the admissibility of evidence are preliminary in nature and without prejudice to being revisited at the time of trial. *See, e. g., Jones v. Stotts,* 59 F.3d 143, 146 (10th Cir. 1995).

**IT IS SO ORDERED** this 13th day of March, 2008.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**