# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KRISTI FLOYD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Lead Case No. CIV-07-135-SPS** |
| | ) | |
| **SONIC DRIVE-IN OF COWETA,** | ) | |
| **LLC, a domestic limited liability** | ) | |
| **company, and SONIC DRIVE-IN,** | ) | |
| **COWETA, INC., a domestic** | ) | |
| **corporation,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| **SHAWN HERMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Member Case No. CIV-07-136-SPS** |
| | ) | |
| **SONIC DRIVE-IN OF COWETA,** | ) | |
| **LLC, a domestic limited liability** | ) | |
| **company, and SONIC DRIVE-IN,** | ) | |
| **COWETA, INC., a domestic** | ) | |
| **corporation,** | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER REGARDING
## *EX PARTE* CONTACT WITH DEFENDANTS' EMPLOYEES

The Plaintiffs filed an Opposed Motion for an Order Allowing Plaintiffs to Contact Defendants' Former Managers and Low Level Current Supervisors [Docket No. 77]. The Court granted the motion as to former employees but directed the Defendants to provide the basis for claiming that any current employees have "speaking authority." *See* Docket No. 80. The Defendants claim in their response that four employees have such authority and cite various job duties in support of the claim.

It seems highly unlikely that any of the employees identified by the Defendants "had managerial authority over at least some of the issues in the underlying litigation." *Weeks v. Independent School District No. I-89*, 230 F.3d 1201, 1211 (10th Cir. 2000). The Defendants have certainly provided the Court with no basis for concluding that they did. Nevertheless, it is conceivable that if an assistant manager "made a statement against the [Defendants] on an . . . issue that was within the scope of his [or her] agency or employment and made during the existence of the relationship, that statement would be admissible evidence that could be considered against" the Defendants. *Id.* at 1211, *citing* Fed. R. Evid. 801(d)(2). The Plaintiffs' attorney therefore *could* violate Rule 4.2 of the Oklahoma Rules of Professional Conduct by having *ex parte* contact with the Defendants' assistant managers, and he must avoid doing so. However, the Court cannot see how the Plaintiffs' attorney would violate the rule by having *ex parte* contact with the crew leader and therefore declines to prohibit him from doing so.

**IT IS SO ORDERED** this 2nd day of April, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**